IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DANNY D. TURNER,

                       Petitioner,

v.

UNITED STATES OF AMERICA,

                       Respondent.

OPINION and ORDER

22-cv-714-jdp

---

In this opinion and order, I resolve the sole remaining claim in petitioner Danny D. Turner's challenge to his conviction under 28 U.S.C. § 2255.

Turner was convicted after a jury trial of six counts of distributing and possessing controlled substances, one count of being a felon in possession of a firearm, and one count of possessing a firearm in furtherance of a drug trafficking crime. He was sentenced to the mandatory 15-year minimum on the felon-in-possession charge under the Armed Career Criminal Act, and to the mandatory consecutive five years on the § 924(c) charge for possession of a firearm in furtherance of a drug crime. He got concurrent sentences on the drug charges.

Turner sought relief under 28 U.S.C. § 2255, mainly challenging his status as an armed career criminal under the Armed Career Criminal Act (ACCA), but also raising several claims based on ineffective assistance of trial and appellate counsel. Dkt. 1; Dkt. 10; Dkt. 14. I denied all of Turner's claims except one, designated as claim 8. Dkt. 9 and Dkt. 16. In claim 8, Turner contends that his Wisconsin drug convictions from 1998 don't qualify as serious drug offenses under the ACCA because Wisconsin included gamma-hydroxybutyric acid (GHB) on its Schedule I at that time but federal law didn't include GHB until 2000. Dkt. 16 at 8–9. I ordered the government to respond to this claim on the merits and address whether it was

untimely or procedurally defaulted. *Id.* at 9. The government has responded to claim 8, and Turner has replied. Dkt. 18 and Dkt. 20. It's clear that claim 8 is procedurally defaulted, so I need not address its timeliness or its merits.

The procedural default rule generally bars a petitioner from raising for the first time in a § 2255 petition a claim that he could have raised at trial or on appeal. *See Delatorre v. United States*, 847 F.3d 837, 843 (7th Cir. 2017); *United States v. Frady*, 456 U.S. 152, 168 (1982). But a petitioner can bring a procedurally defaulted claim in a § 2255 petition if he shows both cause and prejudice for the default. *See McCoy v. United States*, 815 F.3d 292, 295 (7th Cir. 2016). Absent a showing of cause and prejudice, courts will excuse a procedural default only if the prisoner shows that he's "actually innocent" of his crime of conviction. *Id.*

Turner didn't raise claim 8 at trial or on appeal. Turner contends that he can show cause and prejudice for this failure because his attorneys didn't raise this claim at sentencing or on appeal and, had they raised it, he would not have been classified as an armed career criminal. *See* Dkt. 20 at 1–2. I need not address whether sentencing counsel, Kathleen Quinn, provided ineffective assistance by not raising this claim at sentencing because Turner also had to raise it on appeal to preserve it for purposes of collateral review. The issue is whether sentencing counsel, Alexander Kasparie, provided ineffective assistance by not raising claim 8 on appeal.

Claims based on ineffective assistance of appellate counsel are evaluated under *Strickland v. Washington*, 466 U.S. 668 (1984). *Smith v. Robbins*, 528 U.S. 259, 285 (2000). Turner must show Kasparie's performance was deficient and the deficient performance prejudiced his appeal. *Howard v. Gramley*, 225 F.3d 784, 790 (7th Cir. 2000). Appellate counsel is not required to present every non-frivolous claim on behalf of her client; the process of winnowing out weaker arguments on appeal and focusing on those more likely to prevail

2

typifies effective appellate advocacy. *Makiel v. Butler*, 782 F.3d 882, 897 (7th Cir. 2015). "Declining to raise a claim on appeal . . . is not deficient performance unless that claim was plainly stronger than those actually presented to the appellate court." *Davila v. Davis*, 582 U.S. 521, 533 (2017). "In most cases, an unpreserved trial error will not be a plainly stronger ground for appeal than preserved errors." *Id.*

Quinn didn't raise the GHB claim at sentencing. The preserved claim that Kasparie raised on appeal, though ultimately unsuccessful, resulted in an extensive opinion by the court of appeals. *See United States v. Turner*, 47 F.4th 509 (7th Cir. 2022). Kasparie had a reasonable basis not to raise the GHB claim, which Turner bases on a timing argument that was unsettled at that time. *See Brown v. United States*, 602 U.S. 101, 106–08 (2024). Turner hasn't shown that Kasparie provided ineffective assistance by not raising the GHB claim on appeal, so he cannot show cause for the procedural default.

Absent a showing of cause and prejudice, courts will excuse a procedural default only if the prisoner shows that he's "actually innocent" of his crime of conviction. *McCoy*, 815 F.3d at 295. More specifically, Turner must show that it is more likely than not that no reasonable juror would have convicted him in view of new reliable evidence not presented at trial. *See McQuiggin v. Perkins*, 569 U.S. 383, 399 (2013); *Arnold v. Dittmann*, 901 F.3d 830, 836–37 (7th Cir. 2018).

Turner hasn't expressly raised an actual innocence claim or presented new reliable evidence that he's innocent of any of his convictions. I take Turner to contend that he's actually innocent in the sense that he was not an armed career criminal based on his GHB claim. This contention lacks merit because "actual innocence means factual innocence, not mere legal insufficiency." *See Bousley v. United States*, 523 U.S. 614, 623 (1998); *see also Sawyer v. Whitley*,

3

505 U.S. 333, 339 (1992) ("[The] miscarriage of justice exception is concerned with actual as compared to legal innocence."). The actual innocence exception applies when the petitioner has new reliable evidence of innocence, but the court of appeals "has never explicitly held that it can be used in situations where a subsequent change to the scope of a law [allegedly] renders the conduct the petitioner was convicted for no longer criminal." *See Lund v. United States*, 913 F.3d 665, 667–68 (7th Cir. 2019). The court of appeals has also expressed doubt that a single statutory claim like Turner's GHB claim could both overcome procedural default and serve as a basis for habeas relief. *Id.* at 668. Turner hasn't shown that he can overcome the procedural default through a claim of actual innocence.

I will deny claim 8, which disposes of the last claim in the petition. I will not hold an evidentiary hearing because the petition and records conclusively show that Turner is entitled to no relief. *See* 28 U.S.C. § 2255(b).

Because Turner seeks relief under § 2255, he may appeal this order only if he obtains a certificate of appealability. I may issue a certificate of appealability only if Turner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). I dismissed the petition on substantive and procedural grounds, so Turner must show that reasonable jurists would debate whether my procedural ruling is correct and whether the petition states a valid claim of the denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 478 (2000). Turner hasn't made this showing, so I will deny a certificate of appealability. Turner may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.

ORDER

IT IS ORDERED that:

1. Claim 8, asserted in Dkt. 14, is DENIED as procedurally defaulted.

2. A certificate of appealability is DENIED.

3. The clerk of court is directed to enter judgment and close the case.

Entered January 23, 2025.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge